UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES LEWIS,

     Plaintiff,

v.                                 **Case No. 3:25-cv-1818-MCR-HTC**

UNITED STATES OF AMERICA,

     Defendant.
_____/

## ORDER

The Magistrate Judge issued a Report and Recommendation dated July 7, 2026 (ECF No. 27).  The Parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  The Court has considered *de novo* all timely filed objections, ECF No. 28, and the response, ECF No. 29, and has determined that the Report and Recommendation should be adopted.

The Court finds it appropriate to comment briefly.  After carefully reviewing the Report and Recommendation, the undersigned agrees with the thorough analysis and conclusions provided on each issue—that the case is based in admiralty, subject to the Suits in Admiralty Act; that the discretionary function exception to the waiver of sovereign immunity applies to Plaintiff's claims of negligent failure to warn and negligent training and supervision (Counts I and III) because Plaintiff presented no

specific legislative or policy consideration that directed the Coast Guard's actions and with which it failed to comply; and that the negligent operation claim (Count II), while not foreclosed by sovereign immunity, is barred by the SAA's two-year statute of limitations.

On consideration of Plaintiff's objections, the Court finds they lack merit. First, Plaintiff's assertion that the SSA statute of limitations does not apply because he received misinformation from the Government regarding the applicability of the Federal Tort Claims Act ("FTCA") does not meet the standard for equitable tolling. The Report and Recommendation accurately sets out the legal standard which Plaintiff has not challenged. The record shows that while the Coast Guard addressed the claim Plaintiff advanced under its FTCA administrative procedures, it made no false or misleading representations to suggest that this was an exclusive means of relief for Plaintiff or to foreclose Plaintiff's ability to research the issue, and Plaintiff was represented by counsel.[1] *Johnson v. United States*, No. CV 424-050, 2025 WL 4055404, at *6 (S.D. Ga. Mar. 27, 2025) ("While the Court understands Plaintiff's frustrations as Defendant clearly moved the claim along as though it was going to process an FTCA claim, . . . this is not a scenario where Plaintiff had no reasonable

---

[1] Plaintiff's assertion that he was misled by the April 1, 2025 denial of his administrative FTCA claim because it did not reference the SAA or that his claims were time barred, is without merit. The letter is irrelevant and could not be considered a basis for tolling because the statute of limitations under the SAA had already expired on February 11, 2025, as noted by the Magistrate Judge. *See* ECF No. 27 at18 n.8. As noted above, the Coast Guard is under no obligation to assist or advise a complainant of his/her legal options for filing a lawsuit against the government.

Case No. 3:25-cv-1818-MCR-HTC

way to discover the [SAA] was the proper avenue; he could have done his own research and figured out the proper statutory basis for his claims."), *reconsideration denied*, No. CV 424-050, 2026 WL 509084 (S.D. Ga. Feb. 24, 2026). The Coast Guard is under no obligation to advise a complainant of his possible avenues of relief against the government, especially one represented by counsel.

Second, Plaintiff objects on grounds that the discretionary function exception to sovereign immunity does not apply. Considering the foregoing, all of Plaintiff's claims are barred by the statute of limitations, regardless of whether the discretionary function exception would otherwise apply. Even considering the objection in the alternative, it is overruled. Plaintiff references documents produced by the Government that reveal some safety concerns regarding the mission, but the exhibits are attached for the first time to his objections. The Court is not obligated to consider arguments or evidence not submitted to the Magistrate Judge, and declines to do so. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (stating "a district court has discretion to decline to consider" arguments and evidence that were not first presented to the magistrate judge). Even considering those exhibits, however, Plaintiff has not identified a *specifically prescribed* course of conduct that the Coast Guard failed to follow. *See Shivers v. United States*, 1 F.4th 924, 931 (11th Cir. 2021) ("Only when a federal employee acts contrary to a specific prescription in federal

law—be it a statute, regulation, or policy—does the discretionary function exception

not apply.") (emphasis in original).

Accordingly:

1.    The Magistrate Judge's Report and Recommendation (ECF No. 27) is

adopted and incorporated by reference in this Order.

2.    The Government's motion to dismiss (ECF No. 13) is **GRANTED**.

3.    This case is **DISMISSED WITH PREJUDICE**.

4.    The Clerk is directed to close the file.

**DONE AND ORDERED** this 5th day of August, 2026.


s*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**